IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-01826-RM-KLM

JOHN GERACI, on behalf of himself and all others similarly situated,

 Plaintiff,

v.

RED ROBIN INTERNATIONAL, INC.,

 Defendant.

___

# ORDER
___

  This matter is before the Court on the February 28, 2020, recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 70) to deny Defendant's motion to dismiss (ECF No. 33). Defendant has filed an objection to the recommendation. (ECF No. 74.) The Court overrules the objection and accepts and adopts the recommendation, which is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. LEGAL STANDARDS

  Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under

any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted). To determine whether a claim is plausible, a court considers "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quotation omitted). However, if the allegations "are so general that they encompass a wide swath of conduct, much of it innocent," the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotation omitted).

## II. BACKGROUND

After receiving unwanted telemarketing text messages from Defendant, Plaintiff brought this lawsuit under the Telephone Consumer Protection Act ("TCPA"). The TCPA generally

makes it unlawful to call a cell phone using an automatic telephone dialing system ("ATDS"). *See ACA Int'l v. FCC*, 885 F.3d 687, 691-93 (D.C. Cir. 2018). Defendant objects to the magistrate judge's recommendation on the sole basis that Plaintiff's complaint fails to state a claim because it does not adequately allege Defendant used an ATDS to send the messages at issue.

## III. ANALYSIS

Pursuant to 47 U.S.C. § 227(a)(1), "[t]he term 'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." The Federal Communications Commission is vested with authority to promulgate implementing regulations for the TCPA. *See ACA Int'l*, 885 F.3d at 691. In *ACA International*, however, the United States Court of Appeals for the District of Columbia overturned the FCC's attempt to clarify the types of calling equipment that fall within the TCPA. *Id.* at 692. The FCC has not yet issued new guidance on what constitutes an ATDS.

Despite the existence of some gray area as to the parameters of an ATDS, the Court finds that Plaintiff's allegations are sufficient to state a plausible claim for relief at this stage of the case. He alleges that the messages were sent from a specific SMS short code and that Defendant stored his cell phone number in its text messaging system with thousands of other phone numbers and then automatically sent identical messages to him and thousands of other individuals at the same time. He also alleges he continued to receive messages after following the instructions for opting out of receiving further messages. And he alleges that no human directed any single text message to Plaintiff's number and that identical messages were

composed of pre-written templates of text and sent to thousands of phone numbers. These allegations do not merely recite the statutory language above. Moreover, as other courts have noted, plaintiffs in TCPA cases are without a realistic means of alleging precisely the type of machine a defendant has used to make unauthorized calls or send unauthorized text messages. *See, e.g.*, *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) ("Plaintiffs have stated that they received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers. While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage."); *Torres v. Nat'l Enter. Sys., Inc.*, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012) (noting that "it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication" that may have violated the TCPA).

## IV. CONCLUSION

Therefore, the Court OVERRULES Defendant's objection (ECF No. 74), ACCEPTS and ADOPTS the recommendation (ECF No. 70), and DENIES the motion to dismiss (ECF No. 33).

DATED this 25th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge